UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re  
**Hoodstock Enterprises, LLC**

Debtor(s)

Case No. **22-31304-pcm12**

**CHAPTER 12 PLAN DATED** **11/07/22**
☐ Motion to Value Collateral
☐ Secured Claim Amount Limited with Creditor Consent

1. The debtor shall pay to the trustee (a) a periodic payment of $ **4,800, beginning on Effective Date,** every **month** (insert either month, quarter, six months or year); (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee; (c) upon receipt by the debtor, all net tax refunds attributable to prepetition tax years and net tax refunds attributable to postpetition tax years (i.e., tax refunds not included on Schedule I, less tax paid by debtor for a deficiency shown on any tax return for that same postpetition tax year or tax paid by setoff by a tax agency for a postpetition tax year) received by the debtor during: ☐ The life of the plan, or ☒ 36 months from the date the first plan payment is due (*check applicable provision; if neither is checked, "for the life of the plan" applies*); (d) a lump sum payment of $_____ on _____ (date); and (e) _____.

2. From the payments so received, the trustee shall make disbursements as follows:
   (a) First, to the trustee's commission and expenses.
   (b) Second, with respect to secured creditors, the terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided for in this plan or the confirmation order. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under § 1228, as appropriate. Any allowed secured claims will be paid as shown below. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata. If a creditor is not fully secured, the unsecured portion of the creditor's claim shall be treated under the provisions of pt. 2(e) and (f) if the claim identifies the priority portion of the claim, and, if not, under the provisions of pt. 2(f) only. The following also apply:
   (1) To creditors whose claims have been timely filed and allowed as secured, make payments as follows: Estimated prepetition arrearages on property must be shown below, separately, and identified as such if debtor is curing defaults under 11 U.S.C. § 1222(b)(5)). **The arrearages and total amount of debt shown in a timely filed and allowed secured claim shall control**.

| Creditor | Collateral | Estimated Arrearage, if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying in Full | Terms of Payments | Post-confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| **See attached Continuation Statement 2(b)(1)** | | | | | | | |

1200.05 (7/6/2020)

**Chapter 12 Plan Continuation Statement for Paragraph 2(b)(1)**
**Plan Dated November 7, 2022**

| Creditor / Class | Collateral | Estimated Arrearage, if Curing | Collateral Value, if Not Paying in Full | Estimated Total Debt if Paying in Full | Term of Payments (Up to) | Post-Confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| Farmer's Irrigation District CLASS 1 | Real Property | N/A | N/A | $2,801.24 | 24 months | 16.00% per annum | $138.00 per month, plus all available funds after attorney fees. |
| Hood River County Tax Office CLASS 2 | Real Property | N/A | N/A | $7,154.87 | 24 months | 16.00% per annum | $351.00 per month, plus all available funds after attorney fees and the CLASS 1 claim is paid in full. |
| Veristone Mortgage CLASS 3 | Real Property | N/A | N/A | $398,000 | 120 months | 7.25% per annum | $2,900 per month |

If payments to a creditor are to begin after debtor's attorney has been paid, the payments to said attorney shall not exceed $ **15,000**           before the creditor is paid. If the debtor is not paying the debt in full, the debtor MOVES the court for an order fixing the value of the collateral as set forth above.

If the collateral is not to be sold, the value of the collateral shall be fixed in the amount stated above for purposes of administration of this plan as well as for purposes of the amount of any secured claim, if under secured, unless objected to at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to this proposed modified plan, in which case the value will be determined by the court. If the collateral is to be sold the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral. Otherwise, the creditor's proof of claim shall control.

(2) Debtor proposes that the creditor(s) specifically identified below agree to the following treatment which the court might not be able to approve absent consent of creditor(s). **Failure of creditor(s) to file a written objection to this plan prior to confirmation shall constitute acceptance of the plan**. From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below. Estimated prepetition arrearages, if curing and reinstating, must be shown below. **The arrearages shown in a timely filed and allowed secured claim shall control.**

| Creditor | Collateral | Estimated Arrearage, if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying in Full | Terms of Payments | Post-confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| **N/A** | | | | | | | |

If the collateral is not to be sold, for purposes of administration of this plan and case, the secured claim shall be limited to the value of the collateral stated above, unless creditor(s) objects at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case, the values will be determined by the court. If the collateral is to be sold, the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral.

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for the subject secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid preconfirmation. If the debtor fails to make monthly payments sufficient to pay the adequate protection payments in full, the trustee will disburse available funds pro rata according to the payments proposed for subject secured creditors. Adequate protection payments paid through the trustee preconfirmation will be deducted from the amount of the allowed claim. Unless the concerned secured creditor is fully secured or oversecured, no interest shall be paid from the date of the filing of the petition to the date of

confirmation unless otherwise specifically provided for in the payment provisions set forth above.

(4) The debtor shall surrender any collateral which is not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following creditors (state creditor NAME and DESCRIBE collateral to be surrendered):

**N/A**

(c) Third, pro rata, until fully paid, allowed unsecured domestic support obligations.

(d) Fourth, allowed administrative expenses under § 507(a)(2).

(e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in § 507(a)(3)-(10), unless otherwise ordered.

(f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by § 1225(b)(1). These monies will be distributed in the method indicated in the applicable section marked below. The terms of pt. 8 shall also apply.

☒ (1) The creditors will receive approximately __100__ % of their claims. This percentage will vary depending on the amount of total creditors' claims filed.

☐ (2) The creditors will receive a minimum _____% of their claims. This percentage will not be reduced despite the amount of total creditors' claims filed.

(g) Pursuant to § 1225(a)(4), the unsecured creditors as a group will receive ☒ 100% ☐ a minimum of $_____ (*check applicable provision; if neither is checked, "100%" controls*) plus _____% shall be paid on all timely filed and allowed priority and nonpriority unsecured claims from the date of plan confirmation to compensate for deferred payment.

3. The debtor moves for assumption of the following executory contracts and leases:

| Creditor | Amount of Default [State if None] | Cure Provisions |
|---|---|---|
|  |  |  |

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under pt. 2(f). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are fully secured, the regular payment due postpetition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in pt. 2(b), and/or specify any other treatment of such

secured creditor(s) in pt. 2(b):
   **N/A**

5. The property described below is to be sold [also state offering price and whether it will be offered through a broker (and if so, who), and state date by which it will be sold and what will occur if it is not timely sold], all offers received by the debtor shall be promptly communicated to the trustee and lienholders, and no sale of such property shall be completed without notice to lienholders and the trustee and an opportunity for a hearing:

6. Subject to the provisions of § 502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

7. Except as provided in this plan or in the order confirming the plan, upon confirmation of this plan all of the property of the estate shall vest in the debtor(s) free and clear of any claim or interest of any creditor provided for by this plan pursuant to 11 U.S.C. § 1227.

8. [To be completed if plan will not be completed until more than 36 months after the first plan payment due under the originally filed plan.] The scheduled month and year the plan will be completed is _____ and the cause for a plan longer than 36 months is: _____.
Except as otherwise explicitly provided by pt. _____, the debtor shall make plan payments for the longer of either: (a) 36 months from the date the first payment is due under the original plan, unless the debtor pays 100% of all claims with interest if required, or (b) the time necessary to complete required payments to creditors.

9. This plan may be altered postconfirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification, and any interested party who has requested special notice.

10. Except as otherwise provided herein, (a) postpetition interest on all unsecured claims is disallowed, and (b) unsecured claims allowed in the amount of $25 or less, to the extent claims of that class are entitled to a distribution under this plan, shall be paid in the full amount allowed prior to any payments to other unsecured claims of the same class.

| /s/ Mark Heron, Member | 11/07/22 | | |
|---|---|---|---|
| Debtor | Date | Debtor | Date |

# Additional Paragraphs for
# Chapter 12 Plan Dated November 7, 2022

The following Paragraphs are added to the end of the Chapter 12 Plan dated November 7, 2022:

**11.** <u>Detailed treatment of Veristone Mortgage, LLC's claim</u>. The claim of Veristone Mortgage, LLC ("<u>Veristone</u>") will be treated as follows:

    **A.** <u>Loan Terms Related to Payment Terms</u>. The monetary loan terms set forth in the loan documents referenced in Veristone's proof of claim (maturity date, payment amount, interest rate, etc.) are modified to be consistent with the terms of Section 2(b)(1) of the confirmed Chapter 12 plan, and (i) the claim is to be amortized over 25 years, and (ii) the maturity date is modified to be the 10-year anniversary of the Effective Date of the Plan.

    **B.** <u>Loan Terms Not Related to Payment Terms</u>. The non-monetary loan terms set forth in the loan documents referenced in Veristone's proof of claim (maintain insurance, pay post-petition property taxes when due, etc.) are incorporated into the confirmed Chapter 12 plan as though set forth in the plan in their entirety.

**12.** <u>Effective Date of Plan</u>. The "Effective Date of the Plan" shall be the first day of the calendar month following the date on which the confirmation order is entered.

**13.** <u>Reservation of Rights</u>. The effectiveness of this Chapter 12 Plan dated November 7, 2022 shall not preclude the assertion by Debtor against any creditor of any and all objections to claims, nor the raising by Debtor of offsets, counterclaims or recoupment against any creditor.

**14.** <u>Retention of Certain Income</u>. Notwithstanding any provision in this Plan to the contrary, Debtor shall be entitled to retain any government assistance payments received from any government agency related to or designed to alleviate the effects of COVID-19. Debtor shall be entitled to use any funds received for business operations.

**15.** <u>Case Closure After Three Years</u>. Once Plan payments have been made by the Debtor for three years, Debtor shall receive a discharge pursuant to 11 U.S.C. § 1228(a), and the case shall be closed. The claim of Veristone Mortgage, LLC shall not be discharged until such time as the Veristone debt is paid in full under this Plan. For the avoidance of doubt, the claim held by Veristone is an allowed claim provided for under 11 U.S.C. §§ 1222(b)(5) and/or 1222(b)(9). The Veristone Claim shall remain modified as set forth in this Plan after the closure of the case and Debtor's receipt of a discharge.

**16.** <u>Estimated Payment Schedule</u>. The attached payment schedule illustrates the payment waterfall described in this Plan. The following schedule does not take into account changes to payments resulting from amended claims, or from post-petition tax claims filed in accordance with § 1232. To the extent there is any conflict between the preceding language of the Plan and the following payment schedule, the Plan language shall control.

Page 2 of 2 – Plan Continuation Statements      In re: Hoodstock Enterprises,
Plan Dated November 7, 2022      LLC Case No. 22-31304-pcm12
{00560131:1}

Case 22-31304-pcm12    Doc 17    Filed 11/07/22